<hr/>

ADDISON HARVEY v. ASAHEL GALLOWAY AND ANNA GALLOWAY.

48  531
68  127
 48   631
e136  245

*Encumbrance of wife's estate by husband—Equitable mortgage.*

A husband cannot encumber his wife's separate estate without her consent.

A wife gave a deed of her separate estate, in which her husband joined, to secure a loan made to them, and all parties executed a written instrument explaining the transaction. This arrangement was abandoned, however, and the lender made a new one with the husband to which the wife did not, so far as appears, assent, and which was confined to securing debts of the husband. *Held*, that proceedings would not lie to enforce the deed as an equitable mortgage.

Appeal from St. Joseph.    Submitted June 8.    Decided June 14.

BILL of foreclosure.   Complainant appeals.   Dismissal affirmed.

*Orlando J. Fast* and *John B. Shipman* for complainant.

*Paul Eaton ; Severens, Tryon & Ranney* and *O. W. Powers* for defendants.

GRAVES, C. J.   The complainant filed his bill herein to obtain a decree of sale of certain premises, being forty acres in the county of St. Joseph, on the ground that he held an equitable mortgage on the property, on which there was a large amount due and unpaid.   The suit was defended by Mrs. Galloway, who denied that any debt existed, and after hearing on pleadings and proofs the court dismissed the bill and complainant appealed.

On the 26th of February, 1876, and for several years prior, Mrs. Galloway was owner of the land.   But on that day she and her husband, Asahel Galloway, joined in a deed which was in form absolute to the complainant.   The intent however was not to make an unqualified conveyance.   The defendants contemplated the raising of $1000 for their use by loan for not to exceed two years, and the way agreed upon was that defendant Asahel as principal and complainant as surety should join in making their promissory note on which to obtain the money, and that the land of Mrs. Galloway should be held by complainant to secure him against such liability as he would incur in carrying out the terms of the arrangement.   The deed was given as a step in this scheme and for no other purpose.   The transaction was not left to be spelt out of vague negotiations nor trusted to the uncertain recollection of witnesses.   A writing under seal and of even date with the deed and expressing on what grounds and exactly for what end Mrs. Galloway consented to pledge her separate estate was executed by all the parties.

This arrangement was not carried out, but was abandoned. The note was never given and there was no raising of funds, so far as appears, to enure in any extent to the benefit of Mrs. Galloway or to the advantage of her estate. A new arrangement was made between complainant and Asahel Galloway, and so far as shown, without her knowledge or assent. The complainant understood it to be a new arrangement. This is shown positively by his testimony and we think there is no question about it. It was not merely a new arrangement in point of form; it was a new one in substance. He is not mistaken here.

There is no occasion to speculate upon what the effect might have been in case of an oral assent on the part of Mrs. Galloway to a substitution of the new terms and dealings in place of the covenant executed with the deed. It is sufficient that no assent is shown. The transactions following the deed were wholly between complainant and Asahel Galloway and there is no basis for implying that she was a party to them.

The essence of the case is to substantiate and enforce a charge on her estate. But not the charge which she agreed to suffer: not a charge sanctioned by her assent nor one recognized as already compensated or to be compensated by some benefit to her or to her estate. The claim is that her land is bound through her husband's dealings with complainant—*first*, for an old debt of $280 due from her husband to complainant and which had been running for a year or more on chattel mortgages at the time the deed was given; *second*, for $318 directly advanced by complainant to the husband; and *third*, for $400 paid by complainant to take up a note made by him and the husband to Van Buskirk and which note was given to obtain money to pay the remnant of a note of $600 which the same parties had given to a bank at the date of the deed.

The unlikeness in point of equity of these actual transactions to the transactions provided for by the deed and covenant is too radical to permit them to be regarded as equiva-

lents for the purpose of relief.    And it will be admitted that
no relief is possible on any theory of a right in the husband
to encumber the wife's estate without her consent.

The decree is correct and is affirmed with costs.

CAMPBELL and COOLEY, JJ. concurred.